**Arnold R. LAGGE, Petitioner-Appellant,**

v.

**W. J. ESTELLE, Jr., Warden of Montana State Prison, and State of Montana, Respondents-Appellees.**

No. 26173.

United States Court of Appeals, Ninth Circuit.

Feb. 11, 1971.

Arnold R. Lagge, in pro. per.

Robert L. Woodahl, Atty. Gen., Robert P. Gannon, Asst. Atty. Gen., Helena, Mont., for appellees.

Before MERRILL, KOELSCH and WRIGHT, Circuit Judges.

PER CURIAM:

Lagge appeals from the district court's denial of his petition for a writ of habeas corpus. Lagge claims that his constitutional rights were violated at his state court trial for rape because his counsel's request for the production of a photograph was denied. This court has jurisdiction under 28 U.S.C. § 2253. We affirm.

The photograph in question was of appellant as he appeared ten to twelve years before the assault. The photograph was shown to the victim four to five hours after the attack and she denied that it was the man who raped her. However, the victim later positively identified appellant at a police line-up and in court during the trial.

On cross-examination, the victim stated that she had been shown the picture and had denied that it was the person who had assaulted her. The court refused to require production of the picture at that time. On rebuttal, the prosecution sought to introduce the picture but the court sustained defense counsel's objection to its admission.

■ We can find no constitutional error. Appellant's authorities are readily distinguishable. *Cf.* Gordon v. United States, 344 U.S. 414, 73 S.Ct. 369, 97 L. Ed. 447 (1953).

Even if error was present it was harmless beyond a reasonable doubt because the jury was aware of the photograph and that the victim could not identify appellant from it. *Accord,* Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

■ In any event, defense counsel's objection to the introduction of the photograph constituted a waiver of the claimed right. *Cf.* Kuhl v. United States, 370 F.2d 20, 25, 26 (9th Cir. 1966) *en banc.*

Affirmed.